IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 8, 2026

## CLPF THE CLUB LLC D/B/A THE CLUB AT HICKORY HOLLOW v. MICHELLE OKOREEHBAAH KEISTER ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 25C1082    Clifton David Briley, Judge**

_____

**No. M2025-01348-COA-R3-CV**

_____

A tenant appeals an order granting a landlord possession of real property. Because the order does not dispose of the landlord's claim for damages or the tenant's counterclaim, we dismiss the appeal for lack of appellate jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and JEFFREY USMAN, JJ.

Michelle Okoreeh-Baah Keister, Antioch, Tennessee, pro se.

Trevor Scott Baskin, Nashville, Tennessee, for the appellee, CLPF The Club LLC.

Dustin Dallas Keister, Antioch, Tennessee, pro se.

**MEMORANDUM OPINION**[1]

This appeal involves a dispute between a landlord and a tenant. The landlord, CLPF The Club LLC ("CLPF"), filed a detainer warrant in the General Sessions Court for Davidson County seeking possession of the property and damages. The General Sessions Court granted CLPF a default judgment. The tenants, Michelle Okoreeh-Baah Keister and Dustin Dallas Keister, appealed to the Circuit Court for Davidson County. Ms. Keister also filed a counterclaim against CLPF. On June 11, 2025, the trial court granted CLPF

---

[1] Under Tennessee Court of Appeals Rule 10, a case decided by memorandum opinion shall not be published and shall not be cited or relied on for any reason in any unrelated case.

possession of the property, but reserved judgment on CLPF's claim for damages and Ms. Keister's counterclaim.

Ms. Keister appealed the June 11, 2025 order to this Court but quickly moved for voluntary dismissal of the appeal after realizing the June 11, 2025 order was not a final, appealable judgment. App. No. M2025-00889-COA-R3-CV. This Court dismissed that appeal on July 17, 2025, without prejudice to the filing of a new appeal once a final judgment has been entered.

On July 7, 2025, Ms. Keister filed a "Motion to Dismiss" in the trial court. The trial court treated the Motion to Dismiss as a Tennessee Rule of Civil Procedure 59.04 motion to alter or amend and denied the motion on August 28, 2025. Ms. Keister filed a notice of appeal from the August 28, 2025 order on September 4, 2025. CLPF has moved to dismiss this new appeal for lack of a final judgment. Ms. Keister has not filed a timely response.

A party is generally entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is interlocutory, *Interlocutory*, Black's Law Dictionary (12th ed. 2024), and is subject to revision at any time before the entry of a final judgment. Tenn. R. App. P. 3(a). Unless an exception to the final judgment requirement is provided by rule or by statute, an interlocutory order is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645. No exception to the final judgment requirement applies in this case.

The August 28, 2025 order, like the June 11, 2025 order, does not dispose of all the claims between the parties. Both the CLPF's claim for damages and Ms. Keister's counterclaim remain pending. Thus, the order is interlocutory and not a final judgment. As no exception to Rule 3's final judgment requirement applies, this Court has no jurisdiction to consider the appeal.

The appeal is hereby dismissed for lack of appellate jurisdiction. The dismissal is without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. Appellant Michelle Okoreeh-Baah Keister is taxed with the costs for which execution may issue.

PER CURIAM

- 2 -